UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG BEARDSLEY AND GINA BEARDSLEY,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ALL AMERICAN HEATING, INC., et al.,<br><br>　　　　　Defendants. | No. C05-1962P<br><br>ORDER ON PLAINTIFFS' FRCP 36 MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED |

　　　Plaintiffs have filed a motion titled "Plaintiffs' FRCP 36 motion to deem requests for admission admitted." (Dkt. No. 32). Plaintiffs ask the Court to issue an order holding that Defendants All American Hearing, Inc. and Toby Cyr have admitted each request for admission (RFA) propounded on them on April 28, 2006, due to Defendants' failure to respond to the requests within 30 days. Having considered the papers and pleadings submitted by the parties, the Court finds and ORDERS as follows:

　　　(1)　　Requests for admission are authorized under Fed. R. Civ. P. 36. Rule 36(a) provides, in relevant part:

> [A] matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney.

ORDER - 1

Courts in this circuit have held that Rule 36(a) does not require court intervention to establish that an unanswered RFA is deemed admitted. See, e.g., Cook v. Allstate Ins. Co., 337 F. Supp.2d 1206, 1210 (C.D. Cal. 2004) ("No motion to establish the admissions is needed because Rule 36 is self-executing"); FTC v. Medicor, LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) (same). The court in American Technology Corp. v. Mah, 174 F.R.D. 687 (D. Nev. 1997), addressed this issue at some length, holding:

> Since unanswered requests for admission are automatically deemed judicially admitted under Rule 36(a), no court intervention is required. The rule is explicit that a matter is admitted if a party fails to respond within thirty days or within a time period set by the court. . . . Rule 36 does not require a motion for the Court's imprimatur on the unanswered requests for admission. The rule is self-executing. A motion to establish or affirm the admissions upon a party's failure to admit or object is unnecessary under Rule 36(a). The resources of the parties and the Court should be devoted to other pursuits in the case.

Id. at 689-90 (internal citations omitted). The court also noted that "[s]ince court intervention is not required to invoke Rule 36(a), an order restating Rule 36 would be surplusage." Id. at 690.

The Court agrees with the reasoning of these decisions and finds that Plaintiffs' motion is unnecessary, given that Rule 36(a) is self-executing in establishing the admission of RFAs in cases where a party fails to submit timely answers or objections.[1] Under the express terms of Rule 36(a), Defendants have already admitted each RFA propounded by Plaintiffs by failing to answer or object in a timely manner. Therefore, the Court STRIKES Plaintiffs' motion as moot.

(2) If Defendants wish to argue that their admissions to the RFAs should be withdrawn or amended, it is their burden to file a motion to do so. See Fed. R. Civ. P. 36(b) (providing that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.").

---

[1] Plaintiffs suggest that Rule 36(a) provides a mechanism for seeking a Court order to deem a request for admission admitted based on the failure of the other party to respond. Plaintiffs note that Rule 36(a) provides that "[t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections." Here, however, Defendants have filed no answers or objections to Plaintiffs' RFAs – they simply have not responded at all.

ORDER - 2

  (3) The Court strongly cautions Defendants' former counsel Stephen Gillard that when he appears in this Court as counsel of record, he is obliged to follow all applicable Court rules and procedures and to represent his clients diligently.  This includes a responsibility to thoroughly review and to timely respond to any discovery requests propounded on his clients.  Mr. Gillard has attempted to explain his failure to thoroughly review and respond to Plaintiffs' discovery requests by stating that he would not be serving as "trial counsel" in this case.  However, Defendants are not excused from responding to discovery requests due to their delay in retaining "trial counsel" for this case, particularly in light of the amount of time that this matter has been pending.

  (4) Because the Court finds that Plaintiffs' motion was unnecessary, the Court declines to award any attorney fees or costs in connection with this motion.

  (5) The clerk is directed to provide copies of this order to all counsel of record.

  Dated: October 3, 2006.

            s/Marsha J. Pechman
            Marsha J. Pechman
            United States District Judge

ORDER - 3