UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG BEARDSLEY AND GINA BEARDSLEY,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ALL AMERICAN HEATING, INC., et al.,<br><br>　　　　　　Defendants. | No. C05-1962P<br><br>ORDER ON DEFENDANTS ALL AMERICAN HEATING AND CYR'S MOTION TO WITHDRAW AND AMEND ADMISSIONS UNDER FED. R. CIV. P. 36(B) |

　　　　This matter comes before the Court on a motion by Defendants All American Heating and Toby Cyr to withdraw and amend admissions under Fed. R. Civ. P. 36(b). (Dkt. No. 43). Having reviewed the materials submitted by the parties and the balance of the record in this case, and finding that oral argument is not necessary to decide this motion, the Court ORDERS as follows:

　　　　(1)　The Court GRANTS Defendants' motion to withdraw and amend their admissions to Plaintiffs' requests for admission (RFAs);

　　　　(2)　The Court ORDERS Defendants All American Heating and Cyr to pay Plaintiffs $2,320 in attorneys' fees within 30 days of the date of this Order; and

　　　　(3)　The Court GRANTS Plaintiffs' request to continue the trial date and related dates in this matter by approximately four months.

The reasons for the Court's Order are set forth below.

ORDER - 1

## Background

Plaintiff Craig Beardsley was an electrician who worked for Defendant All American Heating (AAH), a company owned by Defendant Toby Cyr. Mr. Beardsley alleges that he was terminated by AAH in March 2004 in retaliation for complaints that AAH was violating Washington electrical and construction laws. He also alleges that after he was terminated, AAH failed to provide him with notice of his rights to continue health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). Mr. Beardsley and his wife have raised federal claims under ERISA, as well as a number of state-law claims.

In January 2006, Attorney Stephan Gillard appeared on behalf of Defendants AAH and Cyr. However, Defendants AAH and Cyr failed to provide timely responses to discovery requests that Plaintiffs propounded in April 2006, including 26 RFAs. Mr. Gillard indicated that he "glanced through the first few pages" of these discovery requests, but apparently failed to respond to them because he was not going to serve as "trial counsel" in this matter. (Dkt. No. 37). Plaintiffs filed a motion to deem the RFAs as admitted due to Defendants' failure to respond. On October 3, 2006, the Court issued an order indicating that the RFAs were automatically admitted under Rule 36(a) due to Defendants' failure to respond. The Court stated that if Defendants wished to withdraw or amend the admitted RFAs, they would have to file a motion under Rule 36(b).

On October 6, 2006, acting through new counsel, Defendants moved to withdraw and amend their admissions under Rule 36(b). As Plaintiffs note, Defendants' opening brief did not specifically identify which admissions they wished to withdraw and amend. However, it appears that Defendants provided Plaintiffs with a copy of their responses to the RFAs on October 10, 2006, a copy of which is attached to Defendants' reply brief. See Dale Declaration, Dkt. No. 51. Defendants wish to deny or object to 13 of the 26 previously-admitted RFAs.

ORDER - 2

1   Under the current case schedule, the trial date in this matter is April 16, 2007. The discovery
2   cut-off is December 18, 2006 and the deadline for filing discovery motions is November 17, 2006.
3   The deadline for expert reports was October 18, 2006.

**Analysis**

1. <u>Defendants' Request to Withdraw and Amend RFAs</u>

Under Rule 36(b), a court may allow a party to withdraw or amend an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Consistent with the rule, the Ninth Circuit has held that "two requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." <u>Sonoda v. Cabrera</u>, 255 F.3d 1035, 1039 (9th Cir. 2001).

The Court finds that allowing Defendants to withdraw and amend their admissions will serve to ensure that this case is adjudicated on the merits. For example, Defendants have offered a declaration from an employee stating that she sent Mr. Beardsley notice of his COBRA rights.

In terms of prejudice, the Ninth Circuit has held that "[t]he prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it related to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay." <u>Id.</u> Although the trial in this matter is almost six months away, Plaintiffs argue that they will be prejudiced by the withdrawal or amendment of RFAs because of looming deadlines in the case schedule, as well as deadlines that have already passed. For example, Plaintiffs note that the expert report cut-off was October 18th. Even assuming that it will be necessary for Plaintiffs to obtain an expert in this case, however, such a concern may be accommodated through an amendment to the case schedule.

ORDER - 3

1    In sum, the Court finds that permitting Defendants to withdraw and amend their admissions to
2    Plaintiffs' RFAs will subserve the presentation of this case on the merits and that Plaintiffs have not
3    demonstrated prejudice.  As a result, Defendants AAH and Cyr will be permitted to withdraw and
4    amend their admissions to Plaintiffs' RFAs in the manner set forth in the responses attached to the
5    Dale Declaration in support of Defendants' reply brief.  (Dkt. No. 51).
6    2.    <u>Plaintiffs' Request for Fees</u>
7    Plaintiffs have requested an award of $2,320 in attorneys' fees in connection with this matter.
8    Defendants have not specifically objected to this request.  The Court finds that the fees requested by
9    Plaintiffs are warranted under the circumstances of this case, either under Fed. R. Civ. P. 37(a)(4) or
10   28 U.S.C. § 1927.  Defendants AAH and Cyr ignored Plaintiffs' RFAs without any legitimate reason
11   for many months, conduct which the Court regards as reckless and which has unreasonably multiplied
12   the proceedings in this case.  Indeed, it appears that Defendants made no effort to respond to
13   Plaintiffs' RFAs until Plaintiffs moved to deem the RFAs admitted and the Court indicated that the
14   RFAs had been automatically admitted due to Defendants' failure to respond in a timely manner.
15   Although the Court will permit Defendants to belatedly respond to Plaintiffs' RFAs, the Court finds
16   that Defendants should be required to reimburse Plaintiff for extra fees that he has incurred as a result
17   of Defendants' unjustified conduct.  <u>See, e.g.</u>, <u>Hadley v. United States of America</u>, 45 F.3d 1345,
18   1350 (9th Cir. 1995) (noting that in case where plaintiff failed to respond to RFAs in timely fashion,
19   court could direct plaintiff to pay a monetary fine or the defendant's increased costs and expenses).
20   Defendants are therefore directed to pay $2,320 to Plaintiffs withing <u>30 days</u> of the date of this Order.
21   3.    <u>Plaintiffs' Request for a Continuance</u>
22   Finally, Plaintiffs argue that if Defendants' motion is granted, the Court should continue the
23   trial date and related deadlines for four months.  Plaintiffs suggests that they will not be able to
24   complete discovery under the current case schedule if the admissions are withdrawn and that they will
25

ORDER - 4

1  be denied the right to designate an expert if an extension is not granted.  In addition, Mr. Beardsley

2  and his wife are now separated and state that they may need to retain separate counsel.

3      While it is unclear whether Plaintiffs will actually need to retain an expert in this case, the

4  Court finds that Plaintiffs' request for a four-month continuance should be granted in light of

5  Defendants' unjustified delays in performing their discovery obligations.  By separate order, the Court

6  will issue a new case schedule that will continue the trial date and related dates by approximately four

7  months, including a new deadline for expert reports.

**Conclusion**

9      For the reasons stated above, the Court:  (1) GRANTS Defendants AAH and Cyr's motion to

10 withdraw and amend their admissions to Plaintiffs' requests for admission; (2) ORDERS Defendants

11 AAH and Cyr to pay Plaintiff $2,320 in attorneys' fees within 30 days of the date of this Order; and

12 (3) GRANTS Plaintiffs' request to continue the trial date and related dates in this matter by

13 approximately four months, including a new deadline for expert reports.

14     The clerk is directed to send copies of this Order to all counsel of record.

15     Dated: October 30, 2006.

                s/Marsha J. Pechman
                Marsha J. Pechman
                United States District Judge

ORDER - 5