UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG BEARDSLEY, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>ALL AMERICAN HEATING, INC., et al.,<br><br>            Defendants. | No. C05-1962P<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM ALL AMERICAN HEATING, INC. |

This matter comes before the Court on Plaintiff Craig Beardsley's motion to compel discovery from Defendant All American Heating, Inc. (AAH). (Dkt. No. 54). Having reviewed the materials submitted by the parties, the Court GRANTS Plaintiff's motion, subject to the provisions discussed below. All discovery subject to the terms of this order shall be produced within 10 calendar days of the date of this order. The Court also grants Plaintiff's request for $6,660 in attorney's fees incurred in connection with this motion. Defendant shall pay those fees to Plaintiff within 30 days of the date of this order.

1.      Discovery Related to Plaintiff's Alleged Poor Performance
        (Interrogatory Nos. 2 and 14 and Request for Production (RFP) No.1)

Plaintiff's Interrogatory No. 2 asks Defendant to explain its reasons for denying any allegations in Plaintiff's complaint. More specifically, Interrogatory No. 14 states that "[i]f you allege that

ORDER - 1

Plaintiff was unqualified for the position Craig Beardsley held with AAH [All-American Heating], explain how Mr. Beardsley was unqualified and set forth all facts supporting that allegation."

Plaintiff asks the Court to compel Defendant to supplement its responses to "describe the conduct that constituted Mr. Beardsley's poor performance" and to "produce all documents supporting that claim." The Court GRANTS Plaintiff's request. The Court regards such information as relevant to Plaintiff's wrongful termination claim and reasonably within the scope of Plaintiff's discovery requests, particularly because Defendant asserted in its initial response to Interrogatory No. 14 that Plaintiff was terminated for "poor performance." Consistent with RFP No. 1, Defendant shall also produce all documents supporting its assertion that Plaintiff was terminated for poor performance, if any such documents exist.

2.  <u>Discovery Related to Identity of Plan Administrator</u>
    <u>(Interrogatory No. 4 and RFP No. 1)</u>

Interrogatory No. 4 seeks information regarding the insurance benefits Defendant provided to Plaintiff, including the identity of the plan administrator. In response to this interrogatory, Defendant AAH referred to an interrogatory answer of co-defendant Master Builders Association Group Trust, which identified Plumbfast Corporation (a company currently in bankruptcy proceedings) as the entity administering the COBRA plan for AAH.

Plaintiff does not request a supplemental response to Interrogatory No. 4. Instead, Plaintiff argues that "[s]ince AAH has identified the plan administrator as someone other than the member firm, it should produce documents that reveal the true functional role played by the employer AAH and the bankrupt Plumbfast." Plaintiff seeks to compel Defendant to "produce all documents prepared from April 1, 2002 to October 30, 2004 that relate to insurance provided to AAH's employees, including all accounting for premiums paid and all correspondence between AAH employees, Plumbfast Corporation . . . , Master Builders Association Group Insurance Trust . . . and/or Regence Bluecross & Blueshield of Oregon." (Motion at 6). In response, Defendant notes that this information is not

ORDER - 2

specifically requested in Plaintiff's Interrogatory No. 4 or in Plaintiff's Request for Production No. 1, which is a catch-all RFP seeking documents that are "requested in or responsive" to Plaintiff's interrogatories.

In his reply brief, Plaintiff notes that he propounded additional requests for production on Defendant that are more specific than RFP No. 1. For instance, Plaintiff propounded RFP No. 12, which requests:

> For the period January 1, 2003 to December 31, 2004, produce every recording of any kind pertaining to the Plan and coverage under the Plan including all plan summaries, contracts, manuals, filings with a state or federal agency pertaining to that plan (including filings with the Department of Labor, and including Form 5208-B filed with the State Employment Security Department), applications for coverage, confirmations of coverage, amendments, terminations, cancellations, COBRA notices, correspondence, and notes.

In response, Defendant produced information concerning insurance coverage for Plaintiff, but objected to the balance of the request as "unnecessarily repetitive and overbroad."

In this motion, Plaintiff is essentially requesting an order compelling Defendant to produce a subset of documents responsive to RFP No. 12. Because the Court regards this more narrow and specific request as reasonably calculated to lead to the discovery of admissible evidence, the Court GRANTS Plaintiff's request. Defendant shall produce all documents in its custody or control prepared from April 1, 2002 to October 30, 2004 that relate to insurance provided to AAH's employees, including all accounting for premiums paid and all correspondence between AAH employees, Plumbfast Corporation, Master Builders Association Group Insurance Trust and/or Regence Bluecross & Blueshield of Oregon.

3. <u>Discovery Related to COBRA Notices</u>
   <u>(Interrogatory Nos. 4 and 20 and RFP Nos. 1 and 11)</u>

Plaintiff's Interrogatory No. 20 requests the following information:

> For each person who left your employment from April 1, 2002 to October 30, 2004, state your determination at the time of that employee's departure regarding whether that person was eligible for COBRA coverage, the rationale for that determination, and whether you prepared and mailed a COBRA notice to such person.

ORDER - 3

1  Plaintiff's RFP No. 11 requests COBRA-handling records for each person who left Defendant's

2  employment between April 1, 2002 to October 30, 2004.

3  In its brief, Defendant indicates that it responded to Interrogatory No. 20 by searching old

4  employee files and by stating that "search of these records found three employee files . . . responsive

5  to this request. Tahnee Birkeland prepared COBRA notices and would know her reasons for doing

6  so."

7  Plaintiff requests that Defendant be compelled to supplement its response as follows:

8  AAH shall identify each of AAH's employees from April 1, 2002 to October 30, 2004 by
   stating that employee's dates of employment, whether (s)he was covered under the insurance
9  Plan offered to AAH's employees, whether AAH or its agent determined that (s)he was
   ineligible for COBRA coverage, and whether AAH provided a COBRA notice to him/her.

10 The Court finds that this request is reasonably calculated to lead to the discovery of admissible

11 evidence. Therefore, the Court GRANTS Plaintiff's request to compel Defendant to provide this

12 information, subject to the following modification: Defendant shall provide such information for AAH

13 employees who <u>left</u> AAH's employment from April 1, 2002 to October 30, 2004. As worded,

14 Plaintiff's motion asks AAH to provide COBRA-related information for <u>all</u> AAH's employees from

15 April 1, 2002 to October 30, 2004, regardless of whether they left the company during that time

16 frame.

17         4.   <u>Discovery Related to Evidence of Code Violations</u>
18              <u>(Interrogatory No. 11 and RFP Nos. 1 and 7)</u>

19 Plaintiff's Interrogatory No. 11 requests the following information:

20 For every person or entity that AAH provided services to or was negotiating to provide
   services to from October 1, 2003 to April 1, 2004, identify the person or entity by stating the
21 full name, current address, telephone number, email address, web address, employer and
   job/position (for individuals), and describe in detail all services provided to an work done for
22 such person or entity.

23 In RFP No. 7, Plaintiff requests "every recording of any kind that reflects work done by and services

24 provided by AAH's employees including job assignments and scheduled, timesheets, pay stubs, tax

25 forms, accounting records, etc." from October 1, 2003 to April 1, 2004.

ORDER - 4

1  Defendant objected to these requests as overbroad, unduly burdensome, and not reasonably
2  calculated to lead to the discovery of admissible evidence. Defendant also indicated that its electronic
3  database showed 795 customers whose jobs potentially occurred in this time period.
4  Plaintiff requests that Defendant be compelled to respond to this interrogatory and RFP as
5  follows:

> AAH shall identify every customer to whom AAH provided electrical services during the time Mr. Beardsley worked for AAH from October 1, 2003 to April 1, 2004, every project on which Mr. Beardsley worked, and all electrical work done for such customer, and shall specifically produce a complete unedited electronic copy of that portion of AAH's database which contains such requested information.

The Court regards this more narrow request as reasonably calculated to lead to the discovery of admissible evidence. The Court also finds that Defendant has not demonstrated that responding to this narrowed request would be unduly burdensome. Therefore, the Court GRANTS Plaintiff's request. Defendant shall identify every customer to whom Defendant provided electrical services from October 1, 2003 to April 1, 2004, every project on which Plaintiff worked, and all electrical work done for such customer. Defendant shall also produce a complete unedited electronic copy of Defendant's database which contains such requested information.

5. <u>Discovery Related to Permits</u>
   (Interrogatory No. 12 and RFP Nos. 1 and 6)

Plaintiff's Interrogatory No. 12 requests the following information:

> For every project AAH worked on from October 1, 2003 to April 1, 2004, identify every permit obtained for such project, the type of permit, the issuing agency, the date issued, the project issued for, the issuing person, and the government representative who reviewed the completed work to confirm compliance with the permit and compliance with construction and electrical statutes and code.

Plaintiff's RFP No. 6 also requests production of "a copy of every recording of any kind pertaining to government oversight of your work that related to work done or services provided by AAH from October 1, 2003 to April 1, 2004, including permit application, permits, other documents provided to or received from any governmental agency, and all documents and notes that relate to such

ORDER - 5

documents." Defendant objected to the interrogatory and RFP as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff requests that Defendant be compelled to respond to Interrogatory No. 12 and RFP No. 6 as follows:

> AAH shall identify every electrical permit it applied for and/or received from any governmental agency and all supporting documents for such applications for projects it worked on during the time Mr. Beardsley worked for AAH (from October 1, 2003 to April 1, 2004), and shall produce a copy of all such documents within its custody or control.

The Court regards this narrowed request as reasonably calculated to lead to the discovery of admissible evidence. The Court also finds that Defendant has not demonstrated that this request is unduly burdensome. Therefore, the Court GRANTS Plaintiff's request. Defendant shall identify every electrical permit it applied for and/or received from any governmental agency and all supporting documents for such applications for projects it worked on from October 1, 2003 to April 1, 2004, and shall produce a copy of all such documents within its custody or control.

### 6. Legibility of Documents

Plaintiff complains that Defendant has produced illegible copies of certain documents. To address this problem, Defendant shall allow an independent third-party (e.g., a legal copying service) to make legible copies of any documents that Plaintiff claims are illegible, provided that the copying shall be done at Plaintiff's expense.

### 7. Request for Fees

Plaintiff has requested an award of $6,660 for attorney's fees incurred in connection with this motion. The Court finds this request reasonable and warranted under Fed. R. Civ. P. 37(a)(4). Therefore, Defendant is ORDERED to pay Plaintiff $6,660 in attorney's fees within 30 days of the date of this order.

//

//

**Conclusion**

Consistent with the provisions above, the Court GRANTS Plaintiff's motion to compel discovery from Defendant All American Heating, Inc. Defendant shall produce all discovery subject to the terms of this order within <u>10 calendar days</u> of the date of this order. Defendant shall also pay Plaintiff $6,660 in attorney's fees within <u>30 days</u> of the date of this order.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: March 20, 2007.

    s/Marsha J. Pechman
    Marsha J. Pechman
    United States District Judge

ORDER - 7