UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG BEARDSLEY AND GINA BEARDSLEY,

    Plaintiffs,

  v.

ALL AMERICAN HEATING, INC., et al.,

    Defendants.

No. C05-1962P

ORDER ON PLAINTIFF'S MOTION TO STAY CLAIMS AGAINST ALL DEFENDANTS

    This matter comes before the Court on Plaintiff Craig Beardsley's motion to stay claims against all Defendants. (Dkt. No. 94). Plaintiff has brought this motion in light of the recent bankruptcy filing by Defendant All-American Heating, Inc. (AAH). (Dkt. No. 94). Defendants Toby Cyr, Plumbfast Corporation, and Specialty Pump & Well have filed a response indicating that they agree that this case should be stayed in its entirety. Defendant Master Builders Association Group Insurance Trust has also stipulated to the entry of a stay.

    Having reviewed the materials submitted by the parties and the balance of the record, the Court GRANTS Plaintiff's motion to stay. The Court ORDERS that this case shall be stayed in its entirety until the automatic stay of Plaintiff's claims against AAH has been lifted or has been otherwise held to be inapplicable. The parties are directed to provide the Court with joint status reports regarding the progress of AAH's bankruptcy case every six months, with the first report due

ORDER - 1

November 21, 2007. In light of today's ruling, the Court STRIKES Plaintiff's motion to continue the case schedule (Dkt. No. 102) as moot. The reasons for the Court's order are stated below.

**Background**

Plaintiff is an electrician who worked for Defendant AAH. Plaintiff alleges that he was terminated in retaliation for making complaints that AAH was violating Washington electrical and construction laws. Plaintiff also claims that Defendants failed to provide him with notice of his rights to continue his health insurance coverage under COBRA after he was terminated. He has raised federal claims under ERISA for the COBRA notice violations, as well as various state-law claims.

Plaintiff's second amended complaint names AAH and Toby Cyr as defendants, as well as two other companies – Plumbfast and Specialty Pump & Well (SPW) – allegedly owned by Mr. Cyr. Plaintiff has also sued Master Builders Association Group Insurance Trust, which allegedly administered AAH's health plan.

On April 27, 2007, AAH filed for bankruptcy.[1] Mr. Cyr, Plumbfast, and SPW maintain that Plaintiff's claims against them should be stayed in light of AAH's bankruptcy filing. Plaintiff agrees with this position. Defendant Master Builders Association has also stipulated that Plaintiff's claims against that organization should be stayed. (Dkt. No. 99).

**Analysis**

With limited exceptions, a debtor's bankruptcy filing operates as an automatic stay of any lawsuit against the debtor. See 11 U.S.C. § 362. In this case, there is no dispute that AAH's bankruptcy filing operates as an automatic stay of any claims against AAH. The only question is whether Plaintiff's claims against the other four defendants (Mr. Cyr, Plumbfast, SPW, and Master Builders Association) should also be stayed.

---

[1] Mr. Beardsley had previously filed for bankruptcy on March 28, 2007. Plaintiff's attorney John Barton states that he did not learn of his client's bankruptcy filing until April 23rd.

ORDER - 2

On the record before the Court, it is not clear that the automatic stay under Section 362 of the Bankruptcy Code would extend to Plaintiff's claims against AAH's co-defendants. The Ninth Circuit has stated:

> As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."

In re Chugach Forest Prods., Inc., 23 F.3d 241, 246 (9th Cir. 1994) (quoting In re Advanced Ribbons & Office Prods., 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Put another way, "unless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties." United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491 (9th Cir. 1993). Other courts have held that "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1991).

Notwithstanding this authority, the parties suggest that the automatic stay applies to all defendants, not just to AAH. Defendants Cyr, Plumbfast, and SPW argue that because any liability for the co-defendants may only derive from the liability of AAH, any action against the co-defendants should be stayed. Plaintiff argues that when claims against multiple co-defendants are "inextricably linked" to each other, the bankruptcy stay extends to the co-defendants. The parties cite two cases for their assertions: Oberg v. Aetna Casualty & Surety Co., 828 F.2d 1023 (4th Cir. 1987) and Federal Life Insurance Co. v. First Financial Group, Inc., 3 B.R. 375 (S.D. Tex. 1980).

The out-of-circuit cases cited by the parties are not binding on the Court, nor it is clear that the Ninth Circuit would apply the reasoning adopted in those cases. See, e.g., In re Chugach Forest Prods., Inc., 23 F.3d 241, 246-47 (9th Cir. 1994) (questioning vitality of Fourth Circuit's "unusual circumstances" exception to rule that the automatic stay applies only to claims against the debtor). As

ORDER - 3

a result, the parties have not provided the Court with a basis under Ninth Circuit law to hold that the automatic stay would apply to AAH's co-defendants.

However, even if the automatic stay does not extend to all of AAH's co-defendants, the Court has inherent authority to stay this litigation in its entirety. See, e.g., Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). The Ninth Circuit has noted:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. The rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979). In this case, the parties have agreed that all claims should be stayed while AAH is in bankruptcy. Under the circumstances presented here, it would also be more efficient to stay the entire case while claims against AAH are subject to the automatic stay, rather than to proceed with this litigation on a piecemeal basis. Therefore, the Court will invoke its inherent authority to stay this case in its entirety, without deciding at this time whether AAH's bankruptcy filing operates as an automatic stay of Plaintiffs' claims against all Defendants.

## Conclusion

Consistent with the discussion above, the Court GRANTS Plaintiff's motion to stay claims against all Defendants. The Court ORDERS that this case be stayed in its entirety until the automatic stay of Plaintiff's claims against AAH has been lifted or has been otherwise held to be inapplicable. The parties are directed to provide the Court with joint status reports regarding the progress of AAH's bankruptcy case every six months, with the first report due November 21, 2007.

The clerk is directed to send copies of this order to all counsel of record.

Dated: May 22, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4